410 So.2d 1112 (1982)
STATE of Louisiana
v.
John A. FONTENOT.
No. 81-K-2809.
Supreme Court of Louisiana.
March 1, 1982.
*1113 Steven L. Mayer of Hamilton & Mayer, Baton Rouge, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Aubert D. Talbot, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., for plaintiff-respondent.
CALOGERO, Justice.
The principal question presented in this case is whether the trial judge erred in refusing to suppress marijuana and a controlled dangerous substance (diazepam) found on defendant's person following his arrest for disturbing the peace while attending the 1981 Jambalaya Festival in Gonzales, Louisiana. The answer to the above question turns upon whether the Gonzales police officer made a lawful arrest.
Procedurally, the case comes to us as a Crosby appeal. State v. Crosby, 338 So.2d 584 (La.1976).[1] Following the trial judge's denial of the motion to suppress, defendant entered conditional guilty pleas to possession of marijuana (La.R.S. 40:967), possession of the controlled dangerous substance, diazepam, (La.R.S. 40:969) and disturbing the peace (La.R.S. 14:103, subd. A(2)). Each of these pleas was entered with a reservation of the right to seek review of the adverse ruling on the motion to suppress. We granted defendant's application for writs. State v. Fontenot, 409 So.2d 631 (La.1981).
The trial judge's ruling might have been based upon an unsound premise, that is, that defendant had failed to produce proof of what, or indeed that anything, was seized from him.[2] On the other hand, the trial judge's comment that there was "ample *1114 probable cause to arrest [defendant]" for disturbing the peace indicates to us that he also ruled on the legal issue raised by the motion to suppress: that is, that seizure of the drugs was legal.
According to the testimony of the Gonzales Chief of Police, the Gonzales Police Department had a long-standing rule that those attending the Jambalaya Festival must wear shirts "to preserve the integrity and morality of the festival." Chief Bourque said that this rule had been in effect since the festival began some twelve or thirteen years prior to 1981.
The arresting officer, one Israel Moreno, was perhaps under the mistaken impression that there existed a city ordinance which required that shirts be worn, for it was his testimony that pursuant to that ordinance he several times instructed defendant to put his shirt on. Defendant's neglect to keep the shirt on gave rise to the confrontation which resulted in his arrest for disturbing the peace. On the third occasion when Officer Moreno told him to put his shirt on (which defendant testified occurred as he was leaving the Festival via the main gate), defendant exhibited his displeasure at being so told by "hollering and cursing," according to the officer.
The bill of information charges defendant with having violated La.R.S. 14:103, subd. A(2), disturbing the peace. That statute reads in pertinent part:
A. Disturbing the peace is the doing of any of the following in such manner as would foreseeably disturb or alarm the public:
. . . . .
(2) Addressing any offensive, derisive, or annoying words to any other person who is lawfully in any street, or other public place; or call him by any offensive or derisive name, or make any noise or exclamation in his presence and hearing with the intent to deride, offend, or annoy him, or to prevent him from pursuing his lawful business, occupation, or duty;
Defendant's application raises several issues concerning the arrest for disturbing the peace. Defendant questions whether "hollering and screaming" at an officer violates the statute. He further questions whether his actions were done in such a manner as would foreseeably disturb or alarm the general public. Additionally, defendant argues that a person can legally resist unlawful interference with his personal liberty.[3] Finally, defendant questions whether his words were offensive, derisive or annoying as required by the statute, that is, whether they were intended to deride, offend or annoy the officer or to prevent him from performing his duties.[4]
We find it unnecessary, however, to answer these questions, for it is evident *1115 from the record that the policeman did not arrest defendant because defendant's conduct was likely to disturb or alarm the public; nor because he felt that defendant's cursing and hollering did, in fact, disturb the peace. Rather, this arrest occurred because defendant refused to comply with the officer's command to put on his shirt and keep it on. Officer Moreno made the arrest because defendant was challenging his authority.
Officer Moreno's testimony makes this clear. He testified that after he had told defendant to put on his shirt or leave, defendant responded that he was going to do neither. Officer Moreno said that he informed defendant "if you don't leave I'm going to place you under arrest for disturbing the peace." According to the policeman, defendant "told me I couldn't place him under arrest, and I couldn't make him leave." Officer Moreno continued his testimony by saying that defendant then began cursing him out and "well I wasn't gonna accept it."
The foregoing convinces us that defendant's arrest was thus not legal. There was no ordinance banning shirtlessness and defendant was not really arrested for disturbing the peace, even assuming that he could constitutionally have been so arrested. Consequently, the marijuana and diazepam were not found during a search incident to a lawful arrest and must be suppressed.
There remains for our consideration the matter of defendant's guilty plea to the disturbing the peace charge. There was a single hearing, which, as is evident from the transcript, was on the motion to suppress. The evidence in that connection necessarily included evidence concerning defendant's "disturbing the peace."
After the trial judge denied the motion to suppress, defense counsel observed that defendant would change his plea to guilty "at this time" with the "reservation of our rights to file writs, and appeal the ruling of the court on the motion to suppress."
Technically it is possible for defendant to enter a valid guilty plea on the disturbing the peace charge while protesting that there had been an unlawful arrest simply for purpose of the motion to suppress. However, the transcript makes it evident that defendant was entering a simultaneous plea of guilty to all three charges with the reservation of having all three convictions set aside, should he be successful on review in having the trial judge's denial of the motion to suppress reversed. Under these circumstances we determine that defendant's guilty plea to disturbing the peace was not voluntary or made unconditionally and must be set aside.

Decree
For the foregoing reasons, the trial judge's ruling on the motion to suppress is reversed. Defendant's guilty pleas are vacated and the case remanded to the trial court for such further proceedings as may be appropriate.
REVERSED AND REMANDED.
LEMMON, Justice, dissenting.
Officer Moreno did not arrest defendant when he refused to put on his shirt, but only after he cursed and yelled at the officer who was trying to control crowd behavior. Cursing and yelling at a policeman in a crowd is very inciting conduct and constitutes perhaps one of the worst forms of alarming or disturbing the public.
The majority seems to suggest that defendant's conduct, even if alarming to the public, was justified under the circumstances. Although Officer Moreno arguably gave defendant an illegal command to put on his shirt (since he mistakenly believed there was a city ordinance requiring the wearing of shirts), defendant's behavior was hardly justified as a reasonable or lawfully acceptable response to the officer's illegal command. If defendant had peacefully ignored the officer's command and had been arrested, defendant would clearly not be guilty of disturbing the peace, and the arrest (for refusing to obey the illegal command) would be unlawful. However, if defendant had punched the officer in response to the illegal command, he would *1116 surely be guilty of simple battery and could have been lawfully arrested for that offense.
Here, defendant decided wrongfully to disturb the peace, rather than to challenge the officer's authority by appropriate lawful means.[1] In my opinion Officer Moreno properly arrested defendant on account of this conduct, and the drugs were validly seized incident to that lawful arrest.
NOTES
[1] A plea of guilty generally waives all non-jurisdictional defects in the pre-plea proceedings. However, by virtue of this Court's decision in State v. Crosby, 338 So.2d 584 (La.1976), a defendant may condition his plea upon the reservation for appellate review of specified pre-plea errors. In the present case defendant reserved his right to obtain review of the trial court's denial of his motion to suppress. See also State v. Aguillard, 357 So.2d 535 (La. 1978).
[2] At the time of the hearing on the motion to suppress, defendant had not yet received discovery answers from the state. He had, however, been served with a report from the State Police Crime Laboratory, showing that the materials submitted for analysis had been determined to be marijuana and diazepam. Furthermore, it is evident from the colloquy among the prosecutor, defense counsel and the judge that the motion to suppress was directed at the marijuana and drugs which were the object of the possession charges. The prosecutor informed the court that subsequent to defendant's arrest, he was taken to the jail and during an inventory search marijuana and drugs were found.
[3] Defendant relies upon City of Monroe v. Ducas, 203 La. 971, 14 So.2d 781 (1943), in which we said:

The right of personal liberty is one of the fundamental rights guaranteed to every citizen, and any unlawful interference with it may be resisted. Every person has a right to resist an unlawful arrest; and, in preventing such illegal restraint of his liberty, he may use such force as may be necessary. 14 So.2d at 784.
Accord: White v. Morris, 345 So.2d 461 (La. 1977).
[4] The record before us does not contain the words defendant is alleged to have said to Officer Moreno. We therefore cannot make an independent determination whether these words are "offensive, derisive, or annoying" as required by the statute. However, we do observe that in City of New Orleans v. Lyons, 342 So.2d 196 (La.1977), we found that the epithets "S___" and "F___ you" were not words which, when addressed to a policeman would normally incite the officer to an immediate breach of the peace. We noted Justice Brennan's concurrence in Lewis v. City of New Orleans, 415 U.S. 130, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974), to the effect that a police officer is trained to exercise a higher degree of restraint than the average citizen.
[1] Cases such as White v. Morris, 345 So.2d 461 (La.1977), have upheld the right to resist an unlawful arrest. However, these cases should not be expanded to immunize unjustified criminal behavior in response to "unlawful commands" given by officers.