687 So.2d 1048 (1996)
STATE of Louisiana
v.
Kentrail TONEY.
No. 96-K-2226.
Court of Appeal of Louisiana, Fourth Circuit.
November 13, 1996.
Opinion on Rehearing January 22, 1997.
Writ Denied April 4, 1997.
Harry F. Connick, District Attorney, Margaret Esther Hay, Assistant District Attorney, *1049 Stephen Cutright, Student Practitioner, Loyola Law Clinic, New Orleans, for State.
Graham Daponte, Orleans Indigent Defender Program, New Orleans, for Defendant.
Before BYRNES, LOBRANO and PLOTKIN, JJ.
BYRNES, Judge.
We grant the State's writ application requesting a review of the trial court's ruling granting the defendant Kentrail Toney's motion to suppress the evidence. We reverse and remand.
Upon receiving complaints of gambling, narcotics transactions, and obstructing the sidewalk at the corner of Philip and Clara streets, the police observed a group of seven to ten people standing on the corner, only one of whom lived near, and the police requested the people to leave on July 11, 1996. Approximately two hours later around 5:00 p.m., the officers again saw the group on the corner. The police stopped the members of the group who did not live near the corner and arrested them for obstructing the sidewalk. One of the men arrested was the defendant Kentrail Toney, and pursuant to a search incident to his arrest, the officers found a tinfoil packet containing heroin.
The defendant was charged with possession of heroin on September 12, 1996. After a hearing the trial court granted the defendant's motion to suppress the evidence on October 4, and the trial was set for November 14, 1996. The State's writ application and request for stay order followed.
The State maintains that the evidence was properly seized pursuant to a lawful arrest.
Louisiana Code of Criminal Procedure art. 213(3) provides that an officer may make an arrest for an offense, including a misdemeanor, committed out of his presence if he has reasonable cause to believe that an offense has been committed.[1]
For an arrest, the law does not require that "reasonable cause to believe" be established by evidence sufficient to convict; the arresting officer need not be convinced beyond a reasonable doubt of the arrested person's guilt. State v. Weinberg, 364 So.2d 964 (La.1978). The standard of reasonable cause to believe is a lesser degree of proof than beyond a reasonable doubt, determined by the setting in which the arrest took place, together with the facts and circumstances known to the arresting officer from which he might draw conclusions warranted by his training and experience. Id. Probable cause for an arrest must be judged by the probabilities and practical considerations of everyday life in which average people, and particularly average police officers, can be expected to act. State v. Franklin, 598 So.2d 1147 (La. App. 1 Cir.1992), writ denied 604 So.2d 1317 (La.1992). The reputation of the area is an articulable fact upon which a police officer may legitimately rely. Id.
In the present case the defendant was arrested for a misdemeanor, obstruction of a sidewalk. La. R.S. 14:100.1 provides in pertinent part:
Section 101.1. Obstructing public passages
No person shall wilfully obstruct the free, convenient and normal use of any public sidewalk, street, highway, bridge, alley, road, or other passageway, or the entrance, corridor or passage of any public building, structure, water craft or ferry, by impeding, hindering, stifling, retarding or restraining traffic or passage thereon or therein.
In the present case the police went to the area in response to complaints of a group obstructing the sidewalk, engaging in illegal gambling, and illegal narcotics activity. Officer Veit testified that he warned the defendant on several previous occasions as well as on the same day, and the police had requested the group of seven to ten people to disperse; *1050 however, they were still on the corner when the police returned two hours later that day. The incident took place in a high crime area, and the police recognized the defendant.
Deference should be given to the experience of the police who were present at the time of the incident. The officer's past experience, training, and common sense may be considered in determining that inferences from the facts at hand are reasonable. Officer Veit testified that: "I had personally made narcotics, as well as gambling, arrests on that very corner." The officer stated: "Obviously, they didn't take the verbal warnings, and it was my belief that a summons would do no good." Under the totality of circumstances, the complaints were corroborated by the police officers who observed that there was a group of seven to ten people on the corner, and upon seeing the defendant with the group again on the same corner two hours later, the officer had reasonable cause to believe that the defendant was in a group of subjects who committed the misdemeanor of wilfully obstructing the sidewalk by "impeding, hindering, stifling, retarding or restraining traffic or passage...." The officer observed that the presence of the defendant in the group of subjects would impede passage on the sidewalk although the officer did not see anyone try to pass the group on the corner. The officer could conclude that the obstruction of the sidewalk was wilful because the police requested the defendant and the others to disperse earlier, but they did not do so.
Further, the trial court stated: "I will find probable cause; grant the Motion to Suppress Evidence...." The trial court found probable cause. A determination of probable cause to arrest is a substantive one to be made by the trial judge on facts and circumstances of each case; his conclusions are entitled to great weight. State v. Franklin, 449 So.2d 63 (La.App. 4 Cir.1984).
The transcript shows that the trial court granted the motion to suppress the evidence not because of the lack of probable cause but based on the fact that the officer had not previously issued a summons to the defendant. However, as amended by Acts 1995, No. 769, Sec. 1, La.C.Cr.P. art. 211 provides that the officer "may give a written summons instead of making an arrest" so that an officer is given the discretion to initially issue a written summons when all the conditions of the article are satisfied, or to arrest a subject, although previously, it was mandatory for the officer to first issue a summons. The officer was justified in arresting the defendant for obstructing the sidewalk where the officer believed "a summons would do no good."
The evidence of heroin was seized pursuant to a valid arrest. Accordingly, the ruling of the trial court is reversed and the defendant's motion to suppress the evidence is denied. The case is remanded for further proceedings.
WRIT GRANTED; REVERSED AND REMANDED
PLOTKIN, Judge, dissenting.
The police received complaints of gambling, narcotics transactions, and obstructing the sidewalk at the corner of Philip and Clara streets. The defendant was arrested after the arresting officer instructed him to leave the area. In the State's application, it is alleged that the defendant was arrested for obstructing the sidewalk in violation of La. R.S. 14:100.1. No such statute exists. The State may have intended to cite La. R.S. 100.1, which criminalizes wilfully obstructing public passages. At the motion to suppress hearing, however, the arresting officer clearly testified that he arrested the defendant for obstructing the sidewalk in violation of an unspecified municipal ordinance.
Under old Article 211, an officer was required to give a written summons instead of making an arrested when all the conditions imposed by the article were satisfied. Under the revised article, which was amended by Acts 1995, No. 769, § 1, an officer is given the discretion to issue a written summons instead of making an arrest only when all of the conditions of the article are satisfied. Underlying the article's grant of discretion, however, is the necessity that there be probable cause to make a lawful arrest.
*1051 There was no evidence presented at the motion to suppress hearing to suggest that the arresting officer had probable cause to make an arrest. In its application, the State alleges the violation of La. R.S. 14:100.1, which violation would be a misdemeanor. Likewise, any violation of a municipal ordinance governing access to sidewalks would also be a misdemeanor. This violation did not occur in the presence of the officer to justify a lawful warrantless arrest in accordance with Code of Criminal Procedure article 213(1). Nor did the testimony presented at the motion to suppress hearing establish that the officer had reasonable cause to believe that the person to be arrested had committed an offense, although not in his presence, in accordance with Code of Criminal Procedure article 213(3). The officer's testimony established only that he saw the defendant standing with others on the sidewalk after being told that the group was engaged in illegal activities. The officer did not observe anything amounting to a wilful obstruction as required by La. R.S. 100.1 or any other illegal act. The circumstances as a whole simply did not provide probable cause to justify immediate arrest without further investigation.
Based on informants' complaints and the circumstances, the arresting officer clearly had reasonable suspicion to investigate. See, e.g., State v. Scott, 561 So.2d 170 (La.App. 1st Cir.1990). The subsequent arrest, however, was unlawful and the evidence was seized pursuant to this unlawful arrest. Under these circumstances, the trial judge's decision to suppress the evidence was correct and the State's application for supervisory review should be denied.

OPINION ON REHEARING
PLOTKIN, Judge.
The police received complaints of gambling, narcotics transactions, and obstructing the sidewalk at the corner of Philip and Clara streets. The defendant was arrested after the arresting officer instructed him to leave the area. In the State's application, it is alleged that the defendant was arrested for obstructing the sidewalk in violation of La. R.S. 14:1001. No such statute exists. The State may have intended to cite La. R.S. 14:100.1, which criminalizes wilfully obstructing public passages. At the motion to suppress hearing, however, the arresting officer clearly testified that he arrested the defendant for obstructing the sidewalk in violation of an unspecified municipal ordinance.
Under old Code of Criminal Procedure article 211, an officer was required to give a written summons instead of making an arrest when all the conditions imposed by the article were satisfied. Under the revised article, which was amended by Acts 1995, No. 769, § 1, an officer is given the discretion to issue a written summons instead of making an arrest only when all of the conditions of the article are satisfied. Underlying the article's grant of discretion, however, is the necessity that there be probable cause to make a lawful arrest.
There was no evidence presented at the motion to suppress hearing to suggest that the arresting officer had probable cause to make an arrest. In its application, the State alleges the violation of La. R.S. 14:100.1, which violation would be a misdemeanor. Likewise, any violation of a municipal ordinance governing access to sidewalks would also be a misdemeanor. This violation did not occur in the presence of the officer to justify a lawful warrantless arrest in accordance with Code of Criminal Procedure article 213(1). Nor did the testimony presented at the motion to suppress hearing establish that the officer had reasonable cause to believe that the person to be arrested had committed an offense, although not in his presence, in accordance with Code of Criminal Procedure article 231(3). The officer's testimony established only that he saw the defendant standing with others on the sidewalk after being told that the group was engaged in illegal activities. The officer did not observe anything amounting to a wilful obstruction as required by La. R.S. 14:100.1 or any other illegal act. The circumstances as a whole simply did not provide probable cause to justify immediate arrest without further investigation. In fact, in a per curiam attached to the motion for rehearing, the trial judge indicated that he granted the *1052 motion to suppress because he found that the arrest was made without probable cause.
Based on informants' complaints and the circumstances, the arresting officer clearly had reasonable suspicion to investigate. See, e.g., State v. Scott, 561 So.2d 170 (La.App. 1st Cir.1990). The subsequent arrest, however, was unlawful and the evidence was seized pursuant to this unlawful arrest. Under these circumstances, the trial judge's decision to suppress the evidence was correct and the State's application for supervisory review is granted only to affirm that decision.
WRIT GRANTED; AFFIRMED.
BYRNES, Judge, dissenting from the grant of rehearing.
The police officers had probable cause to arrest the defendant Kentrail Toney for obstructing the sidewalk based on the circumstances where the officers requested the group of people standing on the corner to leave but the officers observed that the group of people, including the defendant, was still on the corner when the police returned two hours later on July 11, 1996. The police officers' observation confirmed citizens' complaints which included reports of groups of people congregating and obstructing the sidewalk at the corner of Philip and Clara Streets, and the corner was well known for narcotics activity. Pursuant to a search incidental to a valid arrest, the officers properly seized the tin foil packet containing heroin from the defendant.
Accordingly, I would grant the State's writ application, reverse the ruling of the trial court, and deny the defendant's motion to suppress the evidence.
NOTES
[1] Under the Official Revision Comment to art. 213, the second paragraph under (a)(1) states that:

By use of the term "offense" in Clause (3), the authority of a peace officer to make arrests for crimes committed out of his presence is broadened to include arrests for misdemeanors as well as for felonies. [Emphasis added.]