hMURRAY, Judge.
William A. Droulia was convicted, subject to a Crosby plea, of possession of cocaine. He now appeals the trial court’s denial of a motion to suppress evidence. We affirm.

PROCEDURAL HISTORY:

On December 5, 1995 Mr. Droulia was charged by bill of information with possession of cocaine. He was arraigned, and entered a plea of not guilty. On March 8,1996 the parties appeared before the trial court for hearings on pretrial motions. The State and the defense entered a stipulation that if the police officers were called to testify, they would do so in accordance with the affidavit citation and police reports. The matter was submitted on the police reports and the photographs of the scene taken by the defense. The trial court requested that both parties submit a memorandum on the motion to suppress the evidence, and on March 22, 1996, heard arguments on the motion. The trial court denied the motion to suppress the evidence and found probable cause for the arrest of Mr. ^Droulia. On April 17, 1996 Mr. Droulia entered a plea of guilty as charged under State v. Crosby, 338 So.2d 584 (La. 1976), and North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Mr. Droulia was sentenced to serve two years in the Department of Corrections. The sentence was suspended and he was placed on eighteen months active probation.

FACTS:

According to the supplemental police report, the two arresting officers were working a mounted patrol for Harrah’s Casino. At the intersection of Burgundy and St. Ann streets, they were flagged down by several concerned citizens who directed their attention to Mr. Droulia. The officers observed Mr. Droulia on Burgundy Street staggering in and out of traffic as he proceeded toward Esplanade. They noticed a strong odor of alcohol when they approached him, and observed him to be incoherent and unable to communicate. The officers felt that he was highly intoxicated, and were concerned that he presented a danger to himself and to passing motorists. Consequently, they arrested him for public drunkenness. The report noted that the officers arrested Mr. Droulia, rather than issue a summons to him, because of his physical condition.
The officer who transported Mr. Droulia to central lock-up submitted an incident report that stated that Droulia was searched for weapons and contraband by another deputy upon arrival at the lock-up. A clear plastic bag containing a white powder substance was found in Mr. Droulia’s right front pocket. At that point, he was arrested for possession of a controlled dangerous substance.[1]

DISCUSSION:

A review of the record for errors patent reveals none.
_Jj¡Mr. Droulia contends that the search and seizure of the cocaine at central lock-up was illegal because he was arrested for a violation, public drunkenness, which is not defined as a crime under the New Orleans City Code. In the alternative, he argues that his arrest was illegal because the officers failed to comply with La.Code Crim. Proc. art. 211 which requires that an individual be issued a sum *1332 mons rather than be arrested for violation of a misdemeanor offense.
The State concedes that the offense of “public drunkenness” did not exist under the New Orleans City Code at the time of the offense. It argues, however, that there was probable cause to arrest Mr. Droulia because his actions constituted a crime under Title 14 of the Louisiana Revised Statutes. Louisiana Revised Statute 14:103 A(3) defines disturbing the peace as follows:
Disturbing the peace is the doing of any of the following in such manner as would foreseeably disturb or alarm the public:
[[Image here]]
(3) Appearing in an intoxicated condition. ...
The State argues that although the arresting officers may not have named the crime under the appropriate ordinance or criminal statute, they did arrest Mr. Droulia for an offense that is a violation of state law. Based upon the police report, the officers were not unreasonable in making the initial stop to investigate the condition of Mr. Drou-lia. Upon closer inspection, the officers smelled alcohol and immediately determined that Mr. Droulia was intoxicated. At that point, probable cause existed for the officers to arrest Mr. Droulia for public intoxication, which is defined as disturbing the peace under La.Rev.Stat. 14:103.
Counsel for Mr. Droulia cites State v. Fontenot, 410 So.2d 1112 (La.1982) as support for the proposition that if an illegal arrest is made, and a person is ^charged with something that is not a crime, than any search or seizure made in connection with that arrest is illegal, and the evidence must be suppressed.
The Fontenot case is easily distinguishable from the case below. Mr. Fontenot was attending a festival in Gonzales, when he was approached by a deputy and told to put his shirt on. He refused. The deputy instructed him several more times to put his shirt on, but each time Mr. Fontenot refused. At some point thereafter, Mr. Fontenot allegedly screamed and cursed at the deputy. He was then arrested for disturbing the peace. A search ensued, pursuant to the arrest, and illegal drugs were found.
The Supreme Court found that Mr. Fonte-not was not, in fact, arrested for disturbing the peace by cursing the deputy, but rather for challenging the deputy’s authority. Therefore, Mr. Fontenot’s arrest was not legal because “there was no ordinance banning shirtlessness and defendant was not really arrested for disturbing the peace.” Fontenot, 410 So.2d at 1115 (emphasis added).
As noted above, the State concedes that at the time of Mr. Droulia’s arrest, there was no city ordinance prohibiting public drunkenness. However, there was a state law prohibiting such conduct. Thus, Mr. Droulia was legally arrested and the search at central lock-up was made pursuant to a valid arrest. This assignment of error is without merit.
Mr. Droulia’s alternative argument is also without merit. He contends that La.Code Crim. Proc. art 211 provides that an individual in violation of a misdemeanor offense shall be issued a summons and not be arrested. However, article 211 was amended by Acts 1995, No. 769, See. 1, and became effective August 15,1995. It provides:
A. When it is lawful for a peace officer to arrest a person without a warrant for a misdemeanor, or for a Igfelony charge of theft or illegal possession of stolen things when the thing of value is one hundred dollars or more but less than five hundred dollars, he may give a written summons instead of making an arrest if all of the following exist:
(1) The officer has reasonable grounds to believe that the person will appear upon summons;
(2) The officer has no reasonable grounds to believe that the person will cause injury to himself or another or damage to property or will continue in the same or a similar offense unless immediately arrested and booked;
(3) There is no necessity to book the person to comply with routine identification procedures;
(4) If an officer issues a summons for a felony described in this Paragraph, the officer issuing the summons shall ascertain *1333 that the person has no prior criminal convictions.
B. In any case in which a summons has been issued, a warrant of arrest may later be issued in its place.
La.Code Crim. Proc. art. 211 (emphasis added). Mr. Droulia was arrested on August 18, 1995.
In State v. Toney, 96-2226, (La.App. 4th Cir. 11/13/96), 687 So.2d 1048, 1996 WL 663831, reh’g granted (01/22/97), the defendant was arrested for obstructing the sidewalk. In a search incident to his arrest the officers found a tinfoil packet containing heroin. The trial court found probable cause for the arrest of the defendant for violation of La.Rev.Stat. 14:101.1, Obstructing Public Passages. The trial court, however, granted the motion to suppress the evidence. Initially, this Court reversed the trial court’s judgment, noting:
The transcript shows that the trial court granted the motion to suppress the evidence not because of the lack of probable cause but based on the fact that the officer had not previously issued a summons to the defendant. However, as amended by Acts 1195, No. 769, Sec. 1, La.C.Cr.P. art 211 provides that the officer “may give a written summons instead of making an arrest” so that an officer is given the discretion to initially issue a |6written summons when all the conditions of the article are satisfied, or to arrest a subject, although previously it was mandatory for the officer to first issue a summons.
State v. Toney, at 1050.
On rehearing, State v. Toney, 96-2226 (La.App. 4th Cir. 01/22/97), 687 So.2d 1048, this Court reversed itself finding that the police officer lacked probable cause to arrest the defendant for violation of La.Rev.Stat. 14:100.1, the wilful obstruction of public passages. There was no evidence that the officer observed defendant commit the offense, or that the officer had reasonable cause to believe that defendant had committed the offense. See, La.Code Crim. Proc. art. 213(1) and (3). Therefore, the warrantless arrest was unlawful, and the evidence seized was properly excluded.
In the instant case, however, the officers had probable cause to arrest Mr. Droulia as opposed to issuing a summons. The arresting officers were alerted to Mr. Droulia’s actions by concerned citizens who had observed Mr. Droulia staggering in and out of traffic. The officers further noted in the report that they personally observed Mr. Droulia weaving in and out of traffic. Both arresting officers indicated in the police report that they feared for Mr. Droulia’s safety because of his physical condition, which they observed as being highly intoxicated. The officers had probable cause to arrest Mr. Droulia for violation of La.Rev.Stat. 14:103 A(3), disturbing the peace by appearing in an intoxicated condition. The officers believed they had no other choice than to arrest Mr. Droulia.
Mr. Droulia contends, however, that the officers could have taken him home because he lived in the area of the arrest. Police officers are under no obligation to deliver a person home after he has been issued a summons.
| yUnder La.Code Crim. Proc. art. 211 police officers have the discretion to either issue a summons or to arrest an individual for violation of a misdemeanor offense based upon the circumstances. The arresting officers chose to arrest Mr. Droulia because of his drunken stupor. Mr. Droulia was incoherent and was more than likely unable to comprehend that he was being issued a summons to appear in court on a specified day or to even sign acknowledging that he had received the summons. Mr. Droulia’s arrest was not illegal under La.Code Crim. Proc. art. 211.
We find that Mr. Droulia’s arrest was legal; therefore the cocaine confiscated at central lock-up was lawfully seized. The trial court did not err in denying the motion to suppress the evidence.
For the foregoing reasons, Mr. Droulia’s conviction and sentence are affirmed.
AFFIRMED.

. A copy of the crime lab report was not stipulated to nor entered into the record.