1 iMURRAY, Judge,
dissenting.
I respectfully dissent. By definition, Mr. Jones was not obstructing the sidewalk. There was no evidence presented that he was “impeding, hindering, stifling, retarding or restraining traffic or passage thereon or therein.” Indeed, there was no evidence presented that anyone, other than Mr. Jones and Mr. White, were on the sidewalk. The eases cited by the majority are inapposite, as they involve situations where the defendant was conversing in the middle of the street with another person,[1] or where a group was engaged in illegal gambling on the sidewalk, and the police had received complaints from persons living in the area.[2] The State has produced no evidence that Mr. Jones was doing anything more than standing on a sidewalk near a corner.
Because I agree with the trial court that there was no legitimate probable cause for arrest, the granting of the motion to suppress was proper. I would deny the State’s writ application.

. State v. Scott, 561 So.2d 170 (La.App. 1 Cir.), writ denied, 566 So.2d 394 (La.1990).

. State v. Toney, 96-2226 (La.App. 4 Cir. 11/18/96), 687 So.2d 1048, writ denied, 97-0481 (La.4/4/97), 692 So.2d 420.