h McKAY, Judge.
STATEMENT OF THE CASE:
The defendant was charged by bill of information February 13, 1998, with possession of cocaine. La. R.S. 40:967. She was arraigned February 19, 1998 and pled not guilty. She filed a motion to suppress which was denied April 3, 1998. A six member jury found her guilty as charged May 11, 1998. The State filed a multiple bill accusing her of being a second offender. On July 31, 1998, the court sentenced her to four years at hard labor. She filed a motion to reconsider sentence which was denied. She filed a motion for appeal. On December 16, 1999, the defendant pled guilty to the multiple bill. The trial court vacated the original sentence and resen-tenced her as a second offender to thirty months at hard labor.
ERRORS PATENT:
None.
FACTS:
Officer Charles Baehr said that on December 10, 1997, he was patrolling in the 6400 block of General Meyers, an area well-known for narcotics trafficking. Signs were posted around the area warning people not to loiter or drink. Officer Baehr said it was the practice of the police to warn people once or twice to move Don, and then to make a municipal arrest. The officers saw the defendant in the area around 5:00 p.m. The officers stopped her and asked her for identification. When she had none, the officers arrested her. Officer Baehr’s partner, Officer Marcelle Foxworth patted her down and found a crack pipe. The pipe contained a burnt residue, but Officer Baehr could not tell if the residue was crack, but did say that the residue was white. The residue tested positive for cocaine.
The defendant testified she had just ordered a po-boy and stepped outside of the store to wait on it. Many other people were in the area. The police called her, and she walked over to them. They ordered her to stand against a wall. An *593 officer searched her and found nothing. Then Officer Foxworth appeared. The officer who searched her told Officer Fox-worth she was “clean.” The officer searched her again and found the pipe which she said she had never seen. She said she was on probation for theft at the time of her arrest, but she had no other convictions.
ASSIGNMENT OF ERROR ONE:
The defendant argues the trial court erred in denying the motion to suppress evidence.
In a previous ruling by this court under an exact same fact situation we held that a motion to suppress was properly granted:
The police received complaints of gambling, narcotics transactions, and obstructing the sidewalk at the corner of Philip and Clara streets. The defendant was arrested after the arresting officer instructed him to leave the area. In the State’s application, it is alleged that the defendant was arrested for obstructing the sidewalk in violation of La. R.S. 14:1001. No such statute exists. The State may have intended to cite La. R.S. 14:100.1, which criminalizes willfully obstructing public passages. At the motion to suppress hearing, however, the arresting officer clearly testified that he arrested the defendant for obstructing the sidewalk in violation of an unspecified municipal ordinance.
Under old Code of Criminal Procedure article 211, an officer was required to give a written summons instead of making an arrest when all the | ¡¡conditions imposed by the article were satisfied. Under the revised article, which was amended by Acts 1995, No. 769, § 1, an officer is given the discretion to issue a written summons instead of making an arrest only when all of the conditions of the article are satisfied. Underlying the article’s grant of discretion, however, is the necessity that there be probable cause to make a lawful arrest.
There was no evidence presented at the motion to suppress hearing to suggest that the arresting officer had probable cause to make an arrest. In its application, the State alleges the violation of La. R.S. 14:100.1, which violation would be a misdemeanor. Likewise, any violation of a municipal ordinance governing access to sidewalks would also be a misdemeanor. This violation did not occur in the presence of the officer to justify a lawful warrantless arrest in accordance with Code of Criminal Procedure article 213(1). Nor did the testimony presented at the motion to suppress hearing establish that the officer had reasonable cause to believe that the person to be arrested had committed an offense, although not in his presence, in accordance with Code of Criminal Procedure article 231(3). The officer’s testimony established only that he saw the defendant standing with others on the sidewalk after being told that the group was engaged in illegal activities. The officer did not observe anything amounting to a willful obstruction as required by La. R.S. 14:100.1 or any other illegal act. The circumstances as a whole simply did not provide probable cause to justify immediate arrest without further investigation. In fact, in a per curiam attached to the motion for rehearing, the trial judge indicated that he granted the motion to suppress because he found that the arrest was made without probable cause.
Based on informants’ complaints and the circumstances, the arresting officer clearly had reasonable suspicion to investigate. See, e.g., State v. Scott, 561 So.2d 170 (La.App. 1st Cir.1990). The subsequent arrest, however, was unlawful and the evidence was seized pursuant to this unlawful arrest. Under these circumstances, the trial judge’s decision to suppress the evidence was correct and the State’s application for supervisory review is granted only to affirm that decision.
*594 State v. Toney, 96-2226, pp. 1-2 (La.App. 4 Cir. 11/13/96), 687 So.2d 1048, 1051 (on rehearing), writ denied 97-0481 (La.4/4/97), 692 So.2d 420.
In the instant matter, the officers knew the area to be one where narcotics transactions occurred. The defendant was standing among others on a corner outside a grocery store. The officers were in a marked unit, but plain clothes. The defendant started to walk away when the officers exited the car, but she returned when they called to her. A name check revealed that the defendant was on probation, but not |4that she was wanted. The officers immediately arrested her for obstructing a sidewalk. They had given her no warning, and had only seen her in the area for thirty to forty seconds before she was stopped and arrested. Under these facts, the officers did not have probable cause to arrest.
This assignment has merit. The denial of the motion to suppress is therefore reversed and the case remanded for further proceedings.
ASSIGNMENTS OF ERROR TWO AND THREE:
The defendant argues she did not knowingly plead guilty to the multiple bill, that she did not knowingly waive the opportunity to file a motion to quash the multiple bill based on untimeliness[1], and that counsel was ineffective for not advising her to file the motion to quash.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Johnson, 557 So.2d 1030 (La.App. 4 Cir.1990); State v. Reed, 483 So.2d 1278 (La.App. 4 Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App. 4 Cir.1986); State v. Landry, 499 So.2d 1320 (La.App. 4 Cir.1986).
| /The defendant’s claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that counsel’s performance was deficient and that the deficiency prejudiced the defendant. Counsel’s performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed to the defendant by the Sixth Amendment. Strickland, supra at 686, 104 S.Ct. at 2064. Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, supra at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4 Cir.1992).
This court has recognized that if an alleged error falls “within the ambit of trial strategy” it does not “establish ineffective assistance of counsel.” State v. Bienemy, 483 So.2d 1105 (La.App. 4 Cir. *595 1986). Moreover, as “opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel’s trial decisions. Neither may an attorney’s level of representation be determined by whether a particular strategy is successful.” State v. Brooks, 505 So.2d 714, 724 (La.1987), cert. denied, Brooks v. Louisiana, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987).
| fiSince the transcript of the multiple bill hearing is in the record, we will address the issue now. At the start of the hearing, the court reviewed the history of the proceedings before the court. The court then said that because of the delay and the fact that the court could not remember the details of the case, it would give the defendant the minimum sentence which in fact was a shorter sentence than the original. The court then asked the defendant if counsel had told her all of her rights including that she had the right to plead guilty or not guilty to the multiple bill, the right to a hearing, the right to force the State to prove its case including that the defendant was one and the same person convicted in the earlier case, that less than ten years elapsed between the convictions, and that if the prior conviction was a guilty plea that she had been advised of her right to trial by jury, the right to cross-examine the witnesses, and the right to remain silent. The court advised her of the sentencing range. The defendant said that she had not been promised anything, that she was satisfied with her counsel, that she had not been forced or coerced into the plea, and that she knew the consequences of the plea. Then counsel said:
I also want to make a part of the record I talked to Ms. Leban about the possibility of filing a motion to quash. And I explained to her that with that motion to quash, basically we would be saying that the State did not timely file the multiple bill. I explained to her that she would have a right to have the matter heard by this court. And if this court decides adverse to her or even in her favor, it may go to a higher court. And that court might make a decision. I explained to her that may extend the period of time that she’s sitting. And she said that she wished to as a part of this process basically waive her right to file the motion to quash. And I just wanted to make sure that I explained that to you and you do want to withdraw the motion in effect that I prepared and not file it with the court.
The trial court then told the defendant that he agreed with defense counsel 17and that the court’s “preliminary feelings about that would be that the motion may have merit.” If the court granted the motion, it would give the State a stay in order to take writs. The court noted that if the State did take writs, that it would “actually extend your time beyond the thirty months on the double bill and beyond the forty-eight months that I gave you originally.” The court said that it understood from defense counsel that the defendant wanted closure.
Under these facts, it appears that the defendant was fully advised of the consequences of not filing the motion to quash. There is absolutely nothing to suggest that her plea was not knowing or voluntary. Moreover, it is impossible for the defendant to show prejudice where, by pleading to the multiple bill, she was actually given a shorter sentence.
This assignment is without merit.
Accordingly, we reverse the trial court’s denial of the defendant’s motion to suppress. We reverse the defendant’s conviction and remand the matter for further proceedings.
REVERSED AND REMANDED.

. After the State announced its intention to file a multiple bill May 11, 1998, (the bill was filed July 31,1998), the matter was continued twice by the court, and twice for unspecified reasons. After the defendant pled not guilty, the matter was continued fourteen times for unspecified reasons. Twice the defendant failed to appear. Three times the court continued the case. The State moved for a continuance three times, and the defendant moved for a continuance once. The defendant pled guilty December 16, 1999.