Dear Councilman Carter:
This office is in receipt of your request for an opinion of the Attorney General. Your questions, as I appreciate them, are as follows:
 1. Does the New Orleans Police Department have discretion as relates to issuing citations in lieu of arrest for traffic and other municipal offenses?
 2. Is an arrest required when an individual has an outstanding warrant for a non-violent offense or an attachment resulting from a traffic offense or can a citation or summons be issued?
In answering the first question it is necessary to distinguish between traffic offenses and other municipal offenses. Concerning traffic offenses, Louisiana Revised Statute 32:391 provides for "the mandatory issuance of a summons in lieu of a full custody arrest if certain provisos are met." State v. Gardner, 467 So.2d 938, 941 (La.App. 2 Cir., 1985). LSA-R.S. 32:391 states "that when any person is arrested for a violation of any provision of [the Highway Regulatory Act] or any regulation of the department or of the secretary of the Department of Public Safety, . . . [the arresting officer] shall issue a summons." (Emphasis added). Subsection B goes on to provide that "if the person arrested holds a Louisiana operator's license and gives his written promise to appear at the time and place stated, the officer may release him from custody or take him immediately before a magistrate." LSA — R.S. 32:391(B). *Page 2 
However, LSA-R.S. 32:391(C) states:
 This section does not apply to any person charged with an offense involving or contributing to an accident resulting in injury or death to any person, or to any person charged with driving while under the influence of intoxicants or narcotics, or to any person whom the arresting officer has good cause to believe has committed any [unrelated] felony or misdemeanor, and in any of these cases the arresting officer shall immediately take the person arrested before the nearest or most accessible magistrate having jurisdiction.
Therefore, in situations contemplated by C above, the arrested person must be taken before a magistrate; i.e., the statute directs that he shall be subjected to a full custody arrest, rather than being issued a summons with the options available under R.S. 32:391 A and B.
In regard to other municipal offenses, Louisiana Code of Criminal Procedure Article 211(A) states:
 When it is lawful for a peace officer to arrest a person without a warrant for a misdemeanor, or for a felony charge of theft or illegal possession of stolen things when the thing of value is three hundred dollars or more but less than five hundred dollars, he may give a written summons instead of making an arrest if all of the following exist:
 (1) The officer has reasonable grounds to believe that the person will appear upon summons;
 (2) The officer has no reasonable grounds to believe that the person will cause injury to himself or another or damage to property or will continue in the same or a similar offense unless immediately arrested and booked;
 (3) There is no necessity to book the person to comply with routine identification procedures.
 (4) If an officer issues a summons for a felony described in this paragraph, the officer issuing the summons shall ascertain that the person has no prior criminal convictions. *Page 3 
Therefore, "under La.C.Cr.P. art 211, police officers have the discretion to either issue a summons or to arrest an individual for violation of a misdemeanor offense based upon the circumstances." State v. Droulia,692 So. 2d 1330, 1333 (La.App. 4 Cir. 4/2/97).
In referencing Louisiana Code of Criminal Procedure Article 203, it is clear that an officer is required to arrest an individual who has an outstanding warrant, regardless of the offense. The language states that a warrant of arrest shall "command that the person against whom the complaint was made be arrested and booked." La.C.Cr.P. art 203.
In summary, it is the opinion of this office: (1) A police officer must issue a summons for any traffic offense, except otherwise provided for in LSA-R.S. 32:391(C); (2) A police officer may use his discretion to issue a summons, instead of arresting the individual, for other municipal offenses provided the conditions of La.C.Cr.P. art 211 are met; and (3) A police officer must arrest an individual who has an outstanding warrant, as per La.C.Cr.P. art 203.
 Sincerely,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________
 MOLLY BALFOUR Assistant Attorney General
 MB/ja/jy