449 So.2d 446 (1984)
STATE of Louisiana
v.
Edward J. TALBERT.
No. 82-KA-2771.
Supreme Court of Louisiana.
April 2, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Madeleine Slaughter, Asst. Dist. Attys., for plaintiff-appellee.
Calvin Johnson, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
*447 DIXON, Chief Justice.
Defendant Edward J. Talbert was charged with possession of a controlled dangerous substance in violation of R.S. 40:969. The trial judge, without reasons, orally denied Talbert's motion to suppress the evidence seized in Talbert's presence at the time of arrest. Talbert then pleaded guilty, reserving his right to appeal the ruling on the motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to three years at hard labor. He appeals and assigns as error the denial of his motion to suppress. We agree and reverse.
At the hearing on the motion to suppress, the only witness was Officer Gregory Elder, one of three arresting officers. The transcript is eight pages long. Elder testified that he and officers McNeil and Taplin were in a police car on Philip Street in New Orleans on October 26, 1979. As they approached 2812 Philip Street, they saw two men standing in the doorway at the bottom of the steps to an apartment. The men had the screen door open to the outside; the wooden door was open to the inside and led directly into a one room apartment. The two steps into the apartment were on the sidewalk.
One of the men was Talbert. He had something wrapped in brown paper in his hand. According to Elder, Talbert looked surprised when he saw the officers in the police car. He then turned, ran into the house and threw the object wrapped in brown paper inside as he entered the house. The other man, Slade, lived in the apartment.
McNeil, the driver of the car, upon seeing Talbert go inside, stopped the car and ran past Slade into the apartment. Slade followed. Elder and Taplin joined them. Beside Talbert was the piece of brown paper, a hypodermic syringe, and two tablets of talwin and pyribenzemine ("T's and blues").
A warrantless search and seizure is presumed unreasonable unless it is justified by one of the narrowly drawn exceptions to the warrant requirement. State v. Hernandez, 410 So.2d 1381, 1383 (La.1982). The burden of proof is upon the state to affirmatively show that one of the exceptions applies. C.Cr.P. 703D; State v. Hernandez, supra.
To justify the seizure of the evidence in this case, the state argues that the officers had probable cause to arrest Talbert when they saw him look surprised, throw the object wrapped in brown paper inside, and then go inside himself. According to the state's brief, "exigent circumstances" then permitted the police to enter the house without consent or a warrant. See State v. Hathaway, 411 So.2d 1074, 1079-80 (La. 1982). The officers therefore had a legitimate right to be in the apartment, and the "plain view" exception applies to justify the warrantless seizure of the evidence next to Talbert. See State v. Sanders, 374 So.2d 1186, 1188-89 (La.1979).
In this case the state has not met its burden to affirmatively show that one of the exceptions is applicable. The state's argument fails because there was no probable cause to arrest when the officers first saw Slade and Talbert outside Slade's apartment. Probable cause to arrest exists when the facts and circumstances known to the officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Arceneaux, 425 So.2d 740 (La.1983). Flight alone is not sufficient; even where flight reasonably appears designed to avoid apprehension, probable cause does not arise unless it is combined with other information upon which officers are entitled to rely which would indicate to a reasonable mind that the combination of circumstances is inconsistent with any innocent pursuit. State v. Hathaway, supra, at 1079; State v. Franklin, 353 So.2d 1315, 1319 (La.1977).
Talbert's surprised look and retreat into the apartment are the only facts in the present record upon which the officers could have determined that probable cause to arrest existed. As stated by Officer *448 Elder on cross-examination, the officers were not there because of a tip, nor did they have any information indicating that a crime was being committed in the area. Elder saw no exchange. Although Elder testified that he could not tell from the car what was wrapped inside the paper, he believed it to be contraband. No other facts were adduced which would support this conclusion. There simply are no other facts in this record which one could combine with Talbert's flight to indicate to a reasonable person that a crime was being committed. See State v. Ranker, 343 So.2d 189, 192-93 (La.1977).
Since the officers had no probable cause to arrest Talbert, their intrusion into a private apartment cannot be justified by exigent circumstances.[1] To permit such an intrusion into a constitutionally protected area without a warrant, the officers must have both probable cause and exigent circumstances. United States v. Santana, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976); State v. Hathaway, supra, at 1079-80; State v. Franklin, supra, at 1319. Since the initial intrusion was illegal, the police, when they spotted the contraband next to Talbert, were not in a place where they had a right to be, and the plain view exception cannot apply. See State v. Sanders, supra, at 1188-89.
The state has therefore failed to show that the warrantless seizure in this case falls within one of the narrowly drawn exceptions. The trial judge erred in denying Talbert's motion.
Accordingly, the ruling of the court below on Talbert's motion to suppress the evidence is reversed and the motion to suppress is granted; his guilty plea, conviction and sentence are vacated, and the case is remanded to the district court for further proceedings not inconsistent with this opinion.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
When the police first observed defendant in possession of an object wrapped in brown paper, they had no reason to suspect any criminal activity. However, when defendant, immediately upon noticing the police car, ran up the steps of the residence and threw the object inside, defendant's combined acts of fleeing the scene and hiding the package would have led a reasonable person to believe that the package contained drugs, stolen goods or other contraband that he did not want the police to discover. Such activity simply was not consistent with innocence.
In my opinion, there was probable cause to seize the package, and exigent circumstances required the police to enter the residence to make a limited evidentiary search.
NOTES
[1] Even though Talbert did not reside in the apartment, he nevertheless has standing as a person "adversely affected" to contest the legality of the search and seizure. La. Const. art. 1, § 5 (1974); State v. Culotta, 343 So.2d 977 (La. 1976).