691 So.2d 866 (1997)
STATE of Louisiana, Appellee,
v.
Terry FLANAGAN, Appellant.
No. 29316-KA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1997.
*867 James E. Beal, Jonesboro, for Appellant.
Richard Ieyoub, Attorney General, Walter E. May, Jr., District Attorney, Douglas L. Stokes, Assistant District Attorney, for Appellee.
*868 Before NORRIS, WILLIAMS and GASKINS, JJ.
GASKINS, Judge.
The defendant, Terry Flanagan, was charged with one count of possession of cocaine, a violation of La.R.S. 40:967(C). Pursuant to a plea agreement, the defendant pled guilty as charged and, under State v. Crosby, 338 So.2d 584 (La.1976), reserved his right to appeal the denial of his motion to suppress. The trial court sentenced the defendant to serve two years at hard labor without benefit of probation, parole or suspension of sentence and to pay a fine of $2,000 or serve default time of one year. The defendant appeals, urging that the trial court erred in denying his motion to suppress. For the reasons assigned below, we reverse.

FACTS
On March 12, 1996, Jackson Parish Deputy Sheriff Travis Ables was in his patrol car searching for a particular address at which he intended to serve civil papers. He observed the defendant from his car. Deputy Ables testified that he saw the defendant "quickly look around the corner" of a mobile home. The deputy stopped, intending to ask the defendant if he knew the address for which the deputy was searching. As the deputy began to reverse his vehicle, he observed the defendant squatting down behind the mobile home with a sack or bag of some type.
Deputy Ables found this unusual and pulled his patrol car into the driveway of the mobile home. When he did so, the defendant began to run. From his patrol car, the deputy shouted at the defendant to stop, telling him he was under arrest. The deputy testified that he intended to arrest the defendant for resisting an officer, La.R.S. 14:108. He also intended to investigate whether the defendant had committed a burglary of the trailer home where the deputy saw him. He stated that the defendant had a sack or bag of some sort in his jacket which he believed the defendant was trying to conceal while running.
The deputy, still in his patrol car, continued the chase throughout the neighborhood, all the while shouting to the defendant to stop. He saw the defendant lie down "in some weeds" in an attempt to hide. Once other deputies arrived, the defendant fled again, but the deputies found him lying under a house and arrested him for resisting an officer. The defendant was no longer carrying the bag. Upon investigation, the officers found no evidence of a burglary.
After the defendant was arrested, his Miranda rights were read to him, and he was quickly patted down and placed in a nearby patrol unit. The deputies did not discover any contraband in the defendant's possession at that time. However, when they searched him more thoroughly at the sheriff's department, they discovered crack cocaine in the defendant's left inside jacket pocket.
The defendant was charged by bill of information with possession of cocaine. He moved to suppress the evidence. The trial judge denied the motion to suppress. Thereafter, the defendant pled guilty as charged with a Crosby reservation allowing him to appeal the trial court's ruling on the motion to suppress. The defendant was then sentenced to serve two years at hard labor without benefit of probation, parole or suspension of sentence and ordered to pay a fine of $2,000 or serve default time of one year.

DENIAL OF MOTION TO SUPPRESS

The Arrest
The defendant, in his appellant brief, concedes that the police had sufficient reasonable suspicion to forcibly detain him and conduct a safety search. However, the defendant contends that probable cause to arrest him did not exist at any point. Consequently, he argues, the arrest for the resisting charge is illegal and the contraband found pursuant to the arrest search should be excluded at trial. We agree.
Even without probable cause to arrest, law enforcement officers have the right to stop and interrogate a person they reasonably suspect of criminal activity. La.C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. *869 1868, 20 L.Ed.2d 889 (1968); State v. Davis, 92-1623, p. 22 (La. 5/23/94), 637 So.2d 1012, 1025, cert. denied, 513 U.S. 975, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994), rehearing denied, 513 U.S. 1066, 115 S.Ct. 687, 130 L.Ed.2d 617 (1994). The police may briefly detain and interrogate an individual, but may only do so based upon reasonable, articulable suspicion that the individual has engaged in, is engaging in, or is about to engage in criminal conduct. State v. Tucker, 626 So.2d 707, 710 (La.1993).
While reasonable suspicion is sufficient grounds to stop and briefly detain a suspect, it is not sufficient cause for an arrest. The police may not make an arrest of a citizen without probable cause that the citizen has engaged in criminal conduct. State v. Tucker, supra. Probable cause to arrest exists when the facts and circumstances within an officer's knowledge, and of which he has reasonable and trustworthy information, are sufficient to justify a person of average caution in the belief that the accused has committed an offense. State v. Scales, 93-2003, p. 6 (La. 5/22/95), 655 So.2d 1326, 1331, cert. denied, ___ U.S. ___, 116 S.Ct. 716,133 L.Ed.2d 670 (1996), rehearing denied, ___ U.S. ___, 116 S.Ct. 977, 133 L.Ed.2d 897 (1996). Probable cause to arrest is not absolute cause, and to determine its existence, courts must examine facts and circumstances within the arresting officer's knowledge in light of the experience of reasonable people, not legal technicians. Scales at p. 6, 655 So.2d at 1331; State v. Wilson, 27889, p. 15 (La.App.2d Cir. 4/8/96), 672 So.2d 448, 458, writ denied, 96-1195 (La. 10/25/96), 681 So.2d 361.
The state argues that the officer had probable cause to arrest the defendant for a violation of resisting arrest, La.R.S. 14:108, when he ran away from the officer who had the authority to detain him.
That statute provides, in pertinent part:
A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
B. (1) The phrase "obstruction of" as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
La.R.S. 14:108 only prohibits conduct which obstructs officers acting in their official capacity, while attempting to seize property, serve process or arrest. State v. Nix, 406 So.2d 1355, 1356 (La.1981). If an officer is not engaged in one of those three activities, a defendant who flees from the officer cannot be guilty of violating La.R.S. 14:108. Nix, 406 So.2d at 1356-57; State v. Lindsay, 388 So.2d 781, 783 (La.1980). As Deputy Ables specifically testified, the defendant did not interfere with any attempt to serve civil process, arrest, or seize property. The deputy only intended to briefly detain the defendant before he began to run away.
Although flight, nervousness, or a startled look at the sight of a police officer is, by itself, insufficient to justify an investigatory stop, this type of conduct may be highly suspicious and, therefore, may be one of the factors leading to a finding of reasonable cause. State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Furtive actions and flight at the approach of law officers may be proper factors in the decision to make an arrest if coupled with specific knowledge on the part of the officers relating the suspect to the evidence of crime. State v. Davis, 407 So.2d 666, 669 (La.1981); see also State v. Nicholas, 397 So.2d 1308, 1313 (La.1981) (flight is a factor to be considered in ascertaining the existence of probable cause). However, flight alone is not sufficient to justify an arrest. Even where flight reasonably appears designed to avoid apprehension, probable cause does not arise unless it is combined with other information upon which officers are entitled to rely which would indicate to a reasonable mind that the *870 combination of circumstances is inconsistent with any innocent pursuit. State v. Talbert, 449 So.2d 446 (La.1984).
In Talbert, three police officers on patrol saw the defendant and another man standing in the doorway of a house. The defendant had something wrapped in brown paper in his hand. When the defendant saw the officers, he looked surprised, then ran inside the house and threw the object in the house. Although the officers believed the object in brown paper was contraband, no specific fact supported this conclusion. The court held that these facts did not constitute probable cause to arrest. Talbert, 449 So.2d at 448.
In State v. Grogan, 373 So.2d 1300 (La. 1979), police officers suspected Grogan of a recent burglary. They approached him in order to detain him momentarily and ask him about the burglary, but he ran away from them. They chased him and arrested him for resisting an officer. The supreme court held that since the officers were not seeking to arrest Grogan at the time they approached him, nor were they attempting to seize any property or serve process upon him, their arrest of him for resisting an officer was wrongful. Grogan at 1302.
In this case, the defendant crouched down to avoid being seen by the deputy. The deputy, concerned by this conduct, sought to detain the defendant. As he approached the defendant, the defendant began to run away. At that moment the deputy attempted to place him under arrest for resisting an officer. However, the defendant had not violated La.R.S. 14:108, because he was running away from a detention, not an arrest. See Grogan, supra. Because his actions did not violate La.R.S. 14:108, the arrest was unlawful. See Lindsay, 388 So.2d at 783-84.
In addition, the fact that the deputy saw the defendant with a sack or bag inside his jacket, even when combined with the defendant's act of running, did not give rise to probable cause for arrest. Those facts combined to give the deputy reasonable suspicion that the defendant was involved in a burglary, theft, or some other offense, and further justified the deputy making an investigatory stop of the defendant. They did not, however, amount to probable cause for a burglary or theft arrest, and the state does not even argue that they did. While the deputy had reasonable suspicion which justified him in stopping and briefly detaining the defendant, he did not have specific knowledge relating the defendant to the evidence of crime. See Davis, 407 So.2d at 669. Accordingly the deputies lacked probable cause to arrest the defendant.
The state contends, apparently in the alternative, that "[o]nce the defendant began to flee and Deputy Ables told him that he was under arrest, the defendant's conduct did constitute flight by one sought to be arrested." In other words, even if defendant was not subject to arrest for running away from a detention, he became subject to arrest for continuing to run once the deputy sought to unlawfully arrest him. This circular argument lacks merit, if for no other reason than that the deputy's attempt to arrest the defendant was unlawful. Individuals need only submit to lawful arrest. La.C.Cr.P. art. 220; City of Monroe v. Goldston, 95-0315 (La. 9/29/95), 661 So.2d 428, rehearing denied, 95-0315 (La. 11/3/95), 661 So.2d 1374; White v. Morris, 345 So.2d 461 (La.1977).

Effect of the Subsequent Search
Evidence obtained from a search incident to a lawful arrest is excepted from the federal and state constitutional bans on warrantless searches. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Buckley, 426 So.2d 103 (La. 1983). To justify a search as incident to arrest, the arrest itself must have been lawful. State v. Raheem, 464 So.2d 293, 296 (La.1985). A search incident to a lawful arrest may not precede the arrest and serve as part of its justification. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). The state bears the burden of proving the admissibility of evidence seized during a search without a warrant. La. C.Cr.P. art. 703(D). The state must affirmatively show that probable cause to arrest existed. State v. Wilson, 467 So.2d 503, 517 (La.1985), cert. denied, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985), rehearing *871 denied, 474 U.S. 1027, 106 S.Ct. 585, 88 L.Ed.2d 567 (1985).
Because the deputies had no probable cause to arrest the defendant, the subsequent search of his person was unlawful. Significantly, the cocaine in this case was not discovered during the on-site pat-down that immediately followed his arrest. The deputies did not find the contraband until after the defendant arrived at headquarters for booking, and they discovered the cocaine in his jacket. Because the arrest was illegal, the deputies had no right to search his person and clothing incident to that arrest. The results of this illegal search are not admissible against him. U.S. Const.Amend. IV, XIV; Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914).
This would be a substantially different case, with a different result, had the deputies discovered the cocaine while initially patting the defendant down. In that event, they would have been doing no more than what they had a right to do, i.e., patting the defendant down to ensure that he had no weapon. If they had discovered the cocaine during such a limited pat-down, an arrest for possession of cocaine would have been justified. That, however, is not the case presented. The evidence in this case was seized at a custodial search following an unlawful arrest, and must therefore be suppressed as the fruit of the unlawful arrest.

CONCLUSION
Accordingly, the denial of the motion to suppress is reversed, and the conviction and sentence of the defendant are hereby vacated and set aside. The case is remanded for further proceedings consistent with this opinion.
REVERSED, VACATED AND SET ASIDE, AND REMANDED.