720 So.2d 1 (1998)
STATE of Louisiana
v.
Larry JONES, et al.
No. 98-K-0963.
Court of Appeal of Louisiana, Fourth Circuit.
June 24, 1998.
*2 Harry F. Connick, District Attorney, Jason Rush, Assistant District Attorney, New Orleans, for State.
Wayne Fontenelle, New Orleans, for Defendant.
Before SCHOTT, C.J., and BYRNES and MURRAY, JJ.
BYRNES, Judge.
The State requests a review of the trial court's ruling which granted Larry Jones' motion to suppress. We reverse and remand.
The defendant, Larry Jones, and co-defendant, Craig White, were arrested on September 9, 1997 for obstructing a public sidewalk, resisting arrest by flight from an officer, and possession of cocaine. On January 7, 1998 a bill of information was filed charging Jones with possession of cocaine. At a motion hearing held on March 30, 1998, the trial court found probable cause as to co-defendant White and denied the motion to suppress the evidence as to White. The trial *3 court found no probable cause as to defendant Jones and granted Jones' motion to suppress. The State's writ application followed.

Facts
Officer Stan Morlier, a New Orleans policeman assigned to the Narcotics Task Force of the Second District, testified that on September 9, 1997, around eleven-thirty p.m. he and his partner were on routine pro-active patrol when they approached the intersection of Audubon and Fig. As they approached in a marked police unit, they observed Jones and White standing together under the streetlight. The officers observed White reach into his pocket, retrieve an object, and throw it down. Both Jones and White took off at a fast-paced run. His partner chased White, and he chased Jones because "he [Jones] had been warned numerous times in the past as to being in violation of drug trafficking and loitering in that intersection ..." According to Officer Morlier, Jones was "known to the area as a nuisance at that corner." Jones was apprehended and placed under arrest for obstructing the sidewalk. They went back to the police unit where his partner had apprehended White and had also located a piece of crack cocaine on the ground right where they had observed White throw it down. As Jones was placed in the back of the police unit, he was gagging as if choking on something. When Officer Morlier opened the car to see what Jones' problem was, Jones spat out a clear plastic bag that resembled cocaine.
Officer Morlier admitted that he did not see Jones throw anything to the ground; rather, he chased Jones because he ran away after being in violation of obstructing the sidewalk. Although Jones had been instructed numerous times not to obstruct the sidewalk at that corner on previous nights, Officer Morlier acknowledged that neither he nor his partner told the defendant to move off the sidewalk that particular night.
When asked how they were obstructing the sidewalk, Officer Morlier replied, "They were standing there." When asked by the State, if he would have stopped Jones and ticketed him for obstructing the sidewalk if Jones had not run, he replied, "Yes, I would have placed him under arrest due to the numerous occasions that I informed him not to loiter in that drug trafficking area." Officer Morlier initially ran after Jones for obstructing the sidewalk, but later found that he had cocaine in his mouth.
The State argues that the trial court erred when it found no probable cause and granted the motion to suppress evidence as to Larry Jones. The State contends that the arrest was valid because the officer had probable cause to arrest the defendant for obstructing the sidewalk. The State further asserts that Officer Molier had probable cause to arrest Jones for resisting arrest by flight because he fled the scene upon observing the officers arrive in their marked police unit. Although the State contends that the defendant continued to flee with Officer Morlier in pursuit, ordering him to stop, there was no testimony from Officer Morlier at the hearing that he ever ordered the defendant to stop.
Attached to the writ application is a copy of an affidavit showing that the defendant was charged with violating ordinance No. 17271 MCS of the Code of the City of New Orleans of 1995, as amended. Section 54 Paragraph 401, relative to obstructing a public sidewalk provides in relevant part:
No person shall willfully obstruct the free, convenient and normal use of any public sidewalk, street, ... or other passageway... by impeding, hindering, stifling, retarding or restraining traffic or passage thereon or therein.
Probable cause to arrest is not absolute cause, and to determine its existence, courts must examine facts and circumstances within the arresting officer's knowledge in light of experience of reasonable people, not legal technicians. State v. Flanagan, 29,316 (La.App. 2 Cir. 4/2/97), 691 So.2d 866. Furtive actions and flight at the approach of law officers may be proper factors in a decision to make an arrest if coupled with specific knowledge on the part of the officers relating to the suspect to justify an arrest. Even where flight reasonably appears designed to avoid apprehension, probable cause does not arise unless it is combined with other information *4 upon which would indicate to reasonable minds that the combination of circumstances is inconsistent with any innocent pursuit. Id. Probable cause to arrest exists when the facts and circumstances known to the officer and of which he has reasonably trustworthy information are sufficient to justify man of ordinary caution to believe the person to be arrested has committed a crime. State v. Fisher, 96-0004 (La.App. 4 Cir. 4/2/97), 692 So.2d 713, writ granted, 97-1133 (La.10/31/97), 703 So.2d 2.
For an arrest, the law does not require that "reasonable cause to believe" be supported by evidence sufficient to convict; the arresting officer need not be convinced beyond a reasonable doubt of the arrested person's guilt. State v. Weinberg, 364 So.2d 964 (La.1978). The standard of reasonable cause to believe is a lesser degree of proof than beyond a reasonable doubt, determined by the setting in which the arrest took place, together with the facts and circumstances known to the arresting officer from which he might draw conclusions warranted by his training and experience. Id. Probable cause for an arrest must be judged by the probabilities and practical considerations of everyday life in which average people, and particularly average police officers, can be expected to act. State v. Franklin, 598 So.2d 1147 (La. App. 1 Cir.1992), writ denied 604 So.2d 1317 (La.1992). The reputation of the area is an articulable fact upon which a police officer may legitimately rely. Id.
A law enforcement officer may stop a person in a public place whom he reasonably believes is committing, has committed, or is about to commit an offense. La.C.Cr.P. Art. 215.1. "Reasonable suspicion" for an investigatory stop is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient articulable facts within his knowledge to justify an infringement of the suspect's rights. State v. Matthews, 94-2112 (La.App. 4 Cir. 4/26/95), 654 So.2d 868; State v. Vance, 93-1389 (La.App. 4 Cir. 2/25/94), 633 So.2d 819.
In assessing the reasonableness of an investigatory stop, the court must balance the need to search and seize against the invasion of privacy that the search and seizure entails. State v. Tucker, 604 So.2d 600 (La.App. 2 Cir.1992), affirmed in part, reversed in part on other grounds, 626 So.2d 720 (La.1993); State v. Washington, 621 So.2d 114 (La.App. 2 Cir.1993), writ denied, 626 So.2d 1177 (La.1993). The intrusiveness of a search is not measured so much by scope as it is by whether it invades an expectation of privacy that society is prepared to recognize as reasonable. Twenty-Three Thousand Eight Hundred Eleven and No/100 ($23,811) Dollars in U.S. Currency v. Kowalski, 810 F.Supp. 738 (W.D.La.1993).
In reviewing the totality of circumstances, the officer's past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable. State v. Short, 96-1069 (La.App. 4 Cir. 5/7/97), 694 So.2d 549. The reputation of an area is an articulable fact upon which an officer can rely and which is relevant in the determination of reasonable suspicion. State v. Richardson, 575 So.2d 421 (La.App. 4 Cir.1991), writ denied, 578 So.2d 131 (La.1991). Deference should be given to the experience of the police who were present at the time of the incident. State v. Short, supra.
An investigatory stop, requiring only a reasonable suspicion, is as complete a restriction on the liberty of movement as an arrest; a stopping for investigation is not lesser intrusive because the restriction of movement is incomplete, but rather because it is briefer than an arrest. State v. Vincelli, 555 So.2d 21 (La.App. 1 Cir.1989); State v. Walker, 530 So.2d 1200 (La.App. 2 Cir.1988), writ denied 532 So.2d 763 (La.1988); State v. Senegal, 95-796 (La.App. 3 Cir. 12/6/95), 664 So.2d 832. Inherent in an officer's right to make an investigatory stop of an individual and to demand his name, address, and explanation of his actions is the right to detain the subject temporarily to verify information given or to obtain information independently of his cooperation. State v. Cabanas, 594 So.2d 404 (La.App. 1 Cir.1991), writ denied 598 So.2d 371 (La.1992); State v. Moncriffe, 522 So.2d 1187 (La.App. 4 Cir.1988).
In State v. Scott, 561 So.2d 170 (La.App. 1 Cir.1990), writ denied, 566 So.2d 394 (La. *5 1990), the defendant was conversing with another subject in the middle of the street in an area notorious for drug trafficking. The defendant walked rapidly away when the officer approached. Stating that the defendant's conduct likely constituted an illegal obstruction of a public street under La. R.S. 14:100.1, the court found that the trained police officer familiar with the notorious area and the methods used to conduct drug transactions in that area, was authorized to demand the defendant's identity and an explanation for his actions.
In the present case, Officer Morlier stated that the police had instructed Jones numerous times not to obstruct the sidewalk at that corner on previous nights. The officers, familiar with the methods used to conduct drug transactions in that area, including drug transactions pursued by subjects at that street corner, had reasonable suspicion to make an investigatory stop based on: (1) the officers' prior experience with the defendant on that corner; (2) the officers knew that the area and that particular corner were "notorious for drug trafficking"; and (3) that Jones fled when he saw the police.
Whether or not the officers had reasonable suspicion to initiate an investigatory stop or probable cause for an arrest, the evidence need not be suppressed if it would have inevitably been discovered on lawful grounds. State v. Ballon, 97-2036 (La.App. 4 Cir. 11/12/97), 703 So.2d 130, writ not considered, 97-3114 (La.2/13/98), 706 So.2d 987. As this Court stated in State v. Knapper, 626 So.2d 395, 396 (La.App. 4 Cir.1993), writ denied 93-2950 (La.1/28/94), 630 So.2d 798 (La.1994):
In Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984), the United States Supreme Court adopted the "inevitable discovery" doctrine, holding that evidence found as a result of a violation of a defendant's constitutional rights, would be admissible "[i]f the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered." The so-called "inevitable discovery doctrine" has been followed by Louisiana courts. State v. Nelson, 459 So.2d 510 (La.1984), cert. den., Nelson v. Louisiana, 471 U.S. 1030, 105 S.Ct. 2050, 85 L.Ed.2d 322 (1985); State v. Clark, 499 So.2d 332 (La.App. 4th Cir.1986).
In State v. Toney, 96-2226 (La.App. 4 Cir. 11/18/96), 687 So.2d 1048, writ denied 97-0481 (La.4/4/97), 692 So.2d 420,[1] the police went to the area in response to complaints of a group obstructing the sidewalk, engaging in illegal gambling, and illegal narcotics activity. The majority on rehearing did not find that the police had probable cause to arrest the defendant without a warrant for misdemeanors of obstructing a sidewalk or of violating a municipal ordinance governing access to the sidewalk. However, on rehearing the majority found that: "Based on informants' complaints and the circumstances, the arresting officer clearly had reasonable suspicion to investigate." Id. at 1051. That case did not address the issue of admissible evidence based on inevitable discovery.
In the present case whether or not the officers had probable cause to arrest Jones, pursuant to a legal investigatory stop, the officers had the authority to detain the subject temporarily and ask him his name and address. Inevitably, under the circumstances, Jones would have had to spit up the clear bag of cocaine if he were to respond to any questioning which included giving his name and address. Under the totality of circumstances, the officers had the proper authority to make a legal investigatory stop, and the evidence inevitably would have been properly discovered and seized on lawful grounds from Jones whether or not there was probable cause to arrest him for obstructing the sidewalk.
Accordingly, the ruling of the trial court is reversed and the defendant's motion to suppress the evidence is denied. The case is remanded for further proceedings.
WRIT GRANTED; REVERSED AND REMANDED.
MURRAY, J., dissents.
*6 MURRAY, Judge, dissenting.
I respectfully dissent. By definition, Mr. Jones was not obstructing the sidewalk. There was no evidence presented that he was "impeding, hindering, stifling, retarding or restraining traffic or passage thereon or therein." Indeed, there was no evidence presented that anyone, other than Mr. Jones and Mr. White, were on the sidewalk. The cases cited by the majority are inapposite, as they involve situations where the defendant was conversing in the middle of the street with another person,[1] or where a group was engaged in illegal gambling on the sidewalk, and the police had received complaints from persons living in the area.[2] The State has produced no evidence that Mr. Jones was doing anything more than standing on a sidewalk near a corner.
Because I agree with the trial court that there was no legitimate probable cause for arrest, the granting of the motion to suppress was proper. I would deny the State's writ application.
NOTES
[1] In the motion transcript the trial court stated:

"I find probable cause; grant the Motion to Suppress Evidence...." Id. at 1050. On rehearing the majority noted that in a per curiam attached to the motion for rehearing, the trial court indicated that it granted the motion to suppress because he found that the arrest was made without probable cause.
[1] State v. Scott, 561 So.2d 170 (La.App. 1 Cir.), writ denied, 566 So.2d 394 (La.1990).
[2] State v. Toney, 96-2226 (La.App. 4 Cir. 11/18/96), 687 So.2d 1048, writ denied, 97-0481 (La.4/4/97), 692 So.2d 420.