945 So.2d 808 (2006)
STATE of Louisiana
v.
Margaret MARLEY.
No. 2006-KA-0317.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 2006.
*810 Eddie J. Jordan, Jr., District Attorney, Battle Bell IV, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Robert Glass, Glass & Reed, New Orleans, LA, for Defendant/Appellant.
Court composed of Judge MAX N. TOBIAS Jr., Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
EDWIN A. LOMBARD, Judge.
The State charged the defendant with one count of possession of cocaine and one count of possession of alprazolam in violation of La.Rev.Stat. 40:967. After the trial court heard and denied a motion to suppress the evidence, the defendant entered pleas of guilty as charged on both counts, reserving her right to appeal the court's adverse ruling on the suppression issue. State v. Crosby, 338 So.2d 584 (La.1976). The court sentenced the defendant on both counts to concurrent terms of three years imprisonment at hard labor, suspended, and placed her on active probation with special conditions for three years. After reviewing the record in light of the applicable law and arguments of the parties, we find that the trial court erred in denying the defendant's motion to suppress. Accordingly, we reverse the trial court's ruling on the motion to suppress and remand the matter for further proceeding.
Relevant Facts and Procedural History
In the early afternoon of March 14, 2005, Officers Sam Palumbo and Monroe Dillon, III, of the New Orleans Police Department (NOPD) were dispatched in response to a "suspicious person" call at 1729[1] Prytania Street and advised that a "white female at that location was possibly wanted for theft."
Upon arrival, the officers observed the defendant, Margaret Marley, and another woman leaving an apartment in the building at 1729 Prytania Street. After leaving the apartment door ajar, the two women, rather than opening the locked gate to reach the front sidewalk, hopped over the brick wall[2] separating the apartment building from the sidewalk.
Upon being stopped and questioned by the police officers, Ms. Marley explained that she lived in the apartment but that her key was broken and, accordingly, she left the door ajar and circumvented the locked gate. Ms. Marley produced her Louisiana driver's license, which verified her identity but reflected a different New Orleans street address. A large sign in front of the apartment building identified the landlord of 1729 Prytania Street as New Orleans realtor, Howard Schmalz.
The police officers then entered Ms. Marley's apartment without her consent or a warrant and discovered the evidence at issue. After arresting Ms. Marley, however, Officer Dillon easily verified that the apartment at 1729 Prytania was, in fact, Ms. Marley's residence by simply calling the landlord. Ms. Marley was arrested *811 and subsequently charged with one count each of possession of cocaine and possession of alprazolam. She pleaded not guilty to both counts at her arraignment on May 24, 2005, and filed a motion to suppress the evidence.
At the end of the hearing, the trial judge denied the defendant's motion without reasons. Thereafter, Ms. Marley withdrew her not guilty pleas and pleaded guilty as charged to each count pursuant to State v. Crosby, supra, reserving her right to appeal the court's ruling on the motion to suppress the evidence.
Discussion
By her sole assignment of error, the defendant/appellant contends that the trial court erred by denying her motion to suppress the evidence.
The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) (warrantless entries into the home for arrest or seizure are invalid in the absence of exigent circumstances). Similarly, the Louisiana Constitution provides that "[e]very person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy." La. Const. Art. 1 § 5.
Because the Fourth Amendment has drawn a firm line at the entrance to the home, a police officer needs both probable cause to arrest or search and exigent circumstances to justify a non-consensual warrantless intrusion into a private premises. State v. Talbert, 449 So.2d 446, 448 (La.1984); State v. Hathaway, 411 So.2d 1074, 1079 (La.1982). Because the evidence in this case was seized without a warrant as required by the Fourth Amendment of the U.S. Constitution and the Louisiana Constitution, Art. 1 § 5, the burden is on the State to show that a search is justified by some exception to the warrant requirement. Vale v. Louisiana, 399 U.S. 30, 34, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970); State v. Tatum, 466 So.2d 29, 31 (La.1985); State v. Pomes, 376 So.2d 133, 135 (La.1979). Thus, to find the evidence in this case admissible, the court must find that probable cause to arrest existed prior to entry into Ms. Marley's apartment and that exigent circumstances existed requiring immediate warrantless entry into the apartment. State v. Rudolph, 369 So.2d 1320, 1326 (La.1979), cert. den., Rudolph v. Louisiana, 454 U.S. 1142, 102 S.Ct. 1001, 71 L.Ed.2d 294 (1982) (an intrusion into a protected area is justified only if there is probable cause to arrest and exigent circumstances).
The only evidence offered by the State at the hearing on the defendant's motion to suppress was the testimony of Officer Dillon. He testified that, after being dispatched to the Prytania Street neighborhood with his partner in response to a call of a suspicious person involving a possible theft, he observed two young women exit an apartment and hop over the brick wall. Accordingly, the officers stopped the two women for questioning and when Ms. Marley's identification did not verify her residence in the Prytania Street apartment, "we went into the apartment fearing that maybe someone could be in harm inside of the apartment for some reason because the door was left ajar. We asked her why she left the door open. She said she didn't have a key to the apartment that she lived in, which was very suspicious so we entered the apartment." Officer Dillon conceded on cross-examination that there was no information received or observed which suggested that a person was in the apartment. Further, Officer Dillon testified *812 that after arresting the defendant and searching her apartment, verification of Ms. Marley's residency was simple because "I looked on the building and saw that the building was owned by Howard [Schmalz], and I was a previous tenant of Howard [Schmalz]. That's how I had his phone number."
The State argues that based upon the totality of these circumstances[3] probable cause to arrest the defendant for burglary existed and, "[I]n light of the possible burglary, it was reasonable for the officers to believe that someone within the dwelling needed immediate aid." Accordingly, the State reasons that exigent circumstances existed to search the apartment and, in any event, it was their "duty to secure the premises as a crime scene and further investigate the burglary." However, as discussed below, the State's contention that both probable cause for arrest and exigent circumstance exist in this case is contrary to the applicable jurisprudence and to the record evidence.
Probable Cause
Probable cause to arrest exists when the detaining officer has articulable knowledge of particular facts sufficient to reasonably suspect the detained person of criminal activity. Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Buckley, 426 So.2d 103, 107 (La. 1983); see also State v. Parker, 06-0053, p. 2 (La.6/16/06), 931 So.2d 353, 355 (probable cause to arrest exists when the facts and circumstances known to the officer, and of which he has reasonable trustworthy information, are sufficient to justify a man or ordinary caution in believing the person to be arrested has committed an offense); La.Code Crim.Pro.Ann. art. 213 (West 1993) (A police officer may, without a warrant, arrest a person when the officer has reasonable cause[4] to believe that the person to be arrested has committed an offense). Whether probable cause existed at the time of the arrest must be determined without regard to the result of the subsequent search. State v. Finklea, 313 So.2d 224, 226 (La.1975). "The totality of the circumstances, `the whole picture,' must be considered in determining whether reasonable cause exists." State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984) (quoting U.S. v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)).
A confidential informant may provide adequate information to establish probable cause for a warrantless arrest, so long as the basis for the information and the informant's reliability[5], when examined under the totality of the circumstances, are established. Illinois v. Gates, 462 U.S. 213, 229-230, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Ruffin, 448 So.2d 1274, 1278 (La.1984). In this case, however, Officer Dillon testified only that he and his partner responded to a radio *813 dispatch concerning a suspicious person in the area and made no assertion that the information came from a known or reliable informant. See State v. Rudolph, 369 So.2d at 1325 (a mere assertion by police that an informant is reliable is insufficient to establish an informant's credibility). Moreover, the police apparently had no knowledge or past experience with Ms. Marley and there is no evidence indicating that the police considered Prytania Street an area of high crime. See U.S. v. Brignoni-Ponce, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); State v. Buckley, 426 So.2d at 107. Finally, it was early afternoon on a weekday and the landlord's name and number were readily available for verification of Ms. Marley's residency in the building. Thus, although the police officers had a reasonable suspicion to stop and question the young women after observing them hopping a brick wall between the building's front yard and the sidewalk, see State v. Belton, 441 So.2d 1195 at 1198 (citation omitted) (the totality of the circumstances much be considered in determining whether or not reasonable cause exists to temporarily detain a person), when, as in this case, the possibility of criminal conduct is no greater than the possibility of innocent behavior such equivocal conduct does not afford probable cause to arrest. See State v. Talbert, 449 So.2d 446, 447 (La.1984) (defendant's surprised look and retreat into apartment is not probable cause for arrest); State v. Hathaway, 411 So.2d at 1079 ("[R]easonable cause will not arise unless flight, combined with other information upon which officers are entitled to rely, would indicate to a reasonable mind that the combination of circumstances is inconsistent with any innocent pursuit.").
Further, the informant's tip consisted only of an allegation of a suspicious person in the neighborhood and an allegation of possible theft. Nothing in the record supports the informant's credibility and the police saw no objective evidence of a theft. Thus, the only information substantiated by the police prior to the entry into Ms. Marley's apartment was that the address on her driver's license did not reflect her Prytania Street residence. Clearly, under these circumstances, there was no probable cause to arrest the defendant for theft or burglary based upon her circumvention of a locked gate outside her residence. See State v. Mendoza, 376 So.2d 139, 142 (La.1979). (conduct not inconsistent with innocent pursuit, even when viewed together with verified portions of an informant's allegations, i.e., defendant drove brown pick-up truck with tool-box on back, does not constitute probable cause for arrest).
Exigent Circumstances
Exigent circumstances are exceptional circumstances (such as the defendant's escape, avoidance of a possible violent confrontation that could cause injury to the officers or the public, and the destruction of evidence) which, when coupled with probable cause, justify an entry into a `protected' area that, without those exceptional circumstances, would be unlawful. State v. Hathaway, 411 So.2d at 1079. Our review of the pertinent jurisprudence indicates, however, in each case where a court has found that a warrantless entry is justified to determine the presence or safety of a person there are objective, articulated circumstances which support the need for an immediate entry into the premises. Recently, in Brigham City, Utah v. Stuart, ___ U.S. ___, 126 S.Ct. 1943, 1948, 164 L.Ed.2d 650 (2006), the U.S. Supreme Court held that police have an objectively reasonable basis for entering a home without a warrant when they see an occupant of the home is seriously injured or imminently threatened with serious injury. The Louisiana Supreme *814 Court upheld searches in (1) State v. Brady, 585 So.2d 524 (La.1991), where the police entered the defendant's house after receiving a call from a neighbor who reported (at the defendant's request) that the defendant's husband had been stabbed and (2) State v. Perry, 502 So.2d 543 (La. 1986), where the officers had already found bodies in one house, and the officers saw particles of bones and flesh outside the second house and then entered the second house without a warrant. Finally, this Court upheld a warrantless search in State v. Aicklen, 00-1181 (La.App. 4 Cir. 6/14/00), 767 So.2d 116, where the police entered the defendant's residence after being contacted by his father who gave them a key to the residence and told them his son was suicidal and had gone to the residence to get a gun.
By contrast, in this case Officer Dillon stated that they entered the apartment because they feared "that maybe someone could be in harm inside of the apartment for some reason because the door was left ajar," but failed to state an objective basis to support his fear that a person was possibly in the apartment and possibly in need of aid. Further, Officer Dillon conceded on cross-examination that he had no basis for believing that another person might be inside the apartment. Thus, even accepting arguendo that probable cause existed to arrest the defendant for theft, no exigent circumstances justify the nonconsensual, warrantless entry into the defendant's apartment. Accordingly, any evidence seized as a result of the illegal search was in violation of the defendant's constitutional rights and the trial court erred in denying the defendant's motion to suppress the evidence.
Conclusion
After review of the record in light of the applicable law and arguments of the parties, we find that the trial court erred in denying the appellant's motion to suppress the evidence. Accordingly, we reverse trial court's judgment denying the motion to suppress, vacate the appellant's guilty pleas and sentence, and remand the case for further proceedings.
JUDGMENT REVERSED, CONVICTION AND SENTENCE VACATED, AND REMANDED.
NOTES
[1] We note that the police report which was not admitted into the record at the hearing indicates that the address was 1725 Prytania Street, although Officer Dillon testified they were dispatched to 1729 Prytania.
[2] There is nothing in the record which specifically states the height of the brick wall, but from the officer's statement that the defendant "hopped" over the wall, we assume the wall to be a short one.
[3] In its brief, the State notes that the police report indicates that the tip received by the police also included the name "Maggie" and that the appellant fit the description given by the tip, but this information was not elicited at the suppression hearing and the police report was not introduced at the hearing and, accordingly, these two factors cannot be considered.
[4] Louisiana jurisprudence treats "reasonable cause" as consonant with the probable cause concept and does not create a different standard. State v. Marks, 337 So.2d 1177, 1182 (La.1976).
[5] At the hearing on the motion to suppress, the State bears the burden of showing that the confidential informant was credible and the information reliable. State v. Rudolph, 369 So.2d 1320, 1325 (La.1979), cert denied, 454 U.S. 1142, 102 S.Ct. 1001, 71 L.Ed.2d 294 (1982).