PER CURIAM
11 Writ granted. The issue presented is whether the district court abused its discretion in granting the defendant’s motion to suppress evidence seized during a warrantless search of his vehicle following a traffic stop. For the reasons set forth below, we conclude the district court did abuse its discretion in finding that the automobile exception to the Fourth Amendment’s prohibition against unreasonable searches and seizures did not apply to the search made by the arresting officer in this case.
The officer testified that he clocked the defendant’s vehicle going eighty-five miles per hour in a seventy-mile-per-hour zone *269 and, with the intent to issue a speeding ticket, began to pursue the vehicle with his lights flashing. The officer explained that the defendant, although he pulled into the right lane as if he were going to stop, instead began abruptly swerving from side to side in his lane, then drove onto the shoulder of the road, and continued at eighty to eighty-five miles per hour. The officer observed the defendant drive onto the grassy area beside the shoulder and throw two plastic bags out of the car from the driver’s window. The defendant’s vehicle eventually came to a stop and the officer thereafter arrested the defendant for reckless operation of a vehicle, advised him of his rights, performed a pat down, and placed the defendant into a police car. The officer then walked |2down the shoulder of the road for approximately a mile and found a plastic bag with the top that was tied in a knot and the bottom ripped open. The officer testified that the lack of dew on the bag (and the presence of dew on other roadside litter) led him to believe this was the bag that had been tossed from the vehicle. The officer explained that it looked like it was the type of bag in which people normally carry illegal narcotics. The officer explained: “And, it has been my experience that when people are throwing things out of a car when you are pursuing them, they are usually trying to discard some sort of drugs.” The officer stated that he had often dealt with narcotics in that fashion, tied in a plastic bag. As to the fact the bag was torn, the officer explained: “It was tied in a plastic bag, and it was just a small plastic bag with the bottom ripped open, which has been my experience when pursuing people and they throw stuff out, they try to tear the bag rather than throwing [it] out so that when they throw the bag out whatever is in the bag gets discarded along the highway.” After discovering the bag, the officer returned to the vehicle, whereupon he conducted a search and found approximately seven to eight hundred alprazolam pills, generic for Xanax, in a plastic bag inside a black tote located behind the driver’s seat. The defendant responded that the pills were for his personal use.
To sanction the search conducted after finding the empty bag along the road, the “automobile exception” requires both (1) exigent circumstances and (2) probable cause. United States v. Ross, 456 U.S. 798, 102 S.Ct 2157, 72 L.Ed.2d 572 (1982); State v. Tatum, 466 So.2d 29, 31 (La. 1985) (quoting Ross, 456 U.S. at 800, 102 S.Ct. at 2159). Furthermore, pursuant to Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 1712-13, 173 L.Ed.2d 485 (2009), “Police may search a vehicle incident to a recent occupant’s arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe |athe vehicle contains evidence of the offense of arrest” unless some other exception applies.
In this matter, the vehicle was stopped along the highway and was readily mobile and, thus, the exigency requirement was satisfied. The issue is whether the facts and circumstances were such that the arresting officer’s reasonable suspicion had ripened to probable cause to believe the defendant had committed a crime and evidence thereof could be found in the vehicle. A subject’s furtive behavior upon becoming aware of police presence, cannot alone give rise to probable cause, even if the behavior was designed to avoid apprehension. State v. Talbert, 449 So.2d 446, 447 (La. 1984). Instead, “suspicious” acts must be corroborated by other information which indicates objectively that the circumstances are “inconsistent with any innocent pursuit.” Id.
This court described the requisites for a finding of probable cause as follows:
*270 In the instant case, we find when defendant discarded the napkin as the officers approached, the officers’ reasonable suspicions ripened into probable cause. While the furtive reaction alone was certainly insufficient to provide legal justification for the search, when the act is considered together with other facts known to the officers, the officers had a particularized basis for associating the object with narcotics trafficking.
State v. Thompson, 02-333 (La. 4/9/03), 842 So.2d 330, 336.
Although in Thompson there were additional circumstances, such as an anonymous tip, the police conducted surveillance of the residence, and the police witnessed a possible hand-to-hand transaction, the facts in the instant case similarly demonstrate that the officer’s reasonable suspicion had blossomed into probable cause to justify the warrantless search of the vehicle under Ross. Here, the arresting officer, while attempting to stop the defendant for a traffic violation, observed the defendant attempt evasive actions, saw the defendant discard the bag, and then subsequently found the dry empty bag along the road about where he had |4seen the defendant toss it out the window. These circumstances, combined with the arresting officer’s experience in the field, provided a reasonable basis on which to believe that the bag and the defendant’s actions were consistent with drug trafficking. Thus, the officer had sufficient probable cause to search the vehicle under the automobile exception described in Ross.[1] Because the district court abused its discretion in finding otherwise, its ruling granting the defendant’s motion to suppress the fruits of the officer’s search is reversed, and the matter is remanded to the district court for further proceedings.

. Though the State now asserts the doctrine of inevitable discovery would have applied, the State, according to our review of the transcript, did not present to the district court that alternative basis for opposing the defendant's motion to suppress. Thus, we have not considered the State's argument here.