STATE OF LOUISIANA     *     NO. 2019-K-0837

VERSUS     *

    COURT OF APPEAL

IRVIN COMPASS     *

    FOURTH CIRCUIT

    *

    STATE OF LOUISIANA

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 545-957, SECTION "E"
Honorable Keva M. Landrum-Johnson, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Joy Cossich Lobrano)

BELSOME, J., DISSENTS
LOBRANO, J., CONCURS IN THE RESULT

Leon Cannizzaro, Jr.
DISTRICT ATTORNEY
Donna Andrieu
CHIEF OF APPEALS
Irena Zajickova
ASSISTANT DISTRICT ATTORNEY
PARISH OF ORLEANS
619 South White Street
New Orleans, LA 70119
    COUNSEL FOR RELATOR /STATE OF LOUISIANA

D'Juan Mansfield
Orleans Public Defenders
2601 Tulane Avenue, Seventh Floor
New Orleans, LA 70119
    COUNSEL FOR RESPONDENT/DEFENDANT


**WRIT GRANTED.
REVERSED AND REMANDED.**

**OCTOBER 4, 2019**

The State seeks review of the trial court's August 22, 2019 ruling which granted a Motion to Suppress and its finding of no probable cause. For the reasons stated more fully herein, we find that the trial court erred, and, therefore, grant the State's writ application, reverse the trial court's ruling and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

The defendant, Irvin Compass, was charged by a June 21, 2019 bill of information with three counts: illegal carrying of a weapon, a violation of La. R.S. 14:95 (second offense); possession of marijuana, a violation of La. R.S. 40:966 C(2); and possession of drug paraphernalia with intent to use, a violation of La. R.S. 40:1023. Mr. Compass entered a plea of not guilty on July 15, 2019. He then filed an omnibus motion for suppression of statements, evidence and identifications on August 15, 2019.

The trial court conducted a hearing on August 22, 2019 and held the matter open so that a body camera video could be reviewed. On September 24, 2019, the

1

trial court ruled, granting the motion to suppress and finding no probable cause. Notably, the trial judge indicated that she "did not watch the video; because . . . it was [not] formally submitted in evidence." Paradoxically, the trial court also stated that it based its ruling upon "the officer - - the witness' testimony [not being] credible, based on the body cam and the testimony about the body cam."

The State timely filed an application for a writ of supervisory review.

**DISCUSSION**

At the outset, we note that the trial court is afforded much discretion with respect to its ruling on a motion to suppress. *See State v. Wells*, 08-2262, p. 5 (La. 7/6/10), 45 So.3d 577, 581 ("a trial court's ruling on a motion to suppress evidence is entitled to great weight and will not be set aside absent an abuse of discretion."). Under the circumstances of this case, however, we find that the trial court abused its discretion in granting the motion to suppress and in finding that the police officers lacked probable cause for Mr. Compass's arrest.

At the hearing on the motion to suppress, the State called Officer Mario Bravo, who was assigned to the First District Task Force on February 16, 2019. At that time, he was in communication with Officer April Augustine and Officer Darius McFarland, who advised him by radio transmission that there was a motorbike being operated in a reckless manner. Officer Bravo located the motorbike at a gas station and proceeded to arrest Mr. Compass. Officer Bravo's partner, Duncan Chauffe, provided *Miranda* warnings,[1] after which Mr. Compass's

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

backpack was searched and a pistol, marijuana, a digital scale, and plastic bags were discovered. Officer Bravo ran Mr. Compass's name and discovered that he had a prior conviction for "carrying a firearm."

In his questioning on cross-examination, counsel for Mr. Compass attempted to elicit testimony from Officer Bravo suggesting that the stop of Mr. Compass was a pretext for searching Mr. Compass.[2] However, Officer Bravo was steadfast in his testimony that Mr. Compass was arrested for "operating his motorbike in a reckless manner." He repeated this fact throughout his testimony and answered in the affirmative to the question of whether his testimony was "that Officer McFarland told [him], via radio, that: book him on reckless operation; because he was recklessly operating his motorbike."

While Officer Bravo indicated that he was wearing a body camera at the time of this incident,[3] he testified that the video captured only the scene at the gas station where Mr. Compass was arrested.

The basis of Mr. Compass's motion to suppress is not set forth in his omnibus motion to suppress, which generically requests the suppression of statements, physical evidence and identifications, without alleging any facts upon which the motion is based. However, his argument at the conclusion of the hearing was, first, that Officer Bravo "was never told by Officer McFarland that Mr.

---

[2] Notably, "[p]olice officers may make an initial traffic stop after observing a traffic infraction, even if the stop is a pretext to investigate for controlled dangerous substances." *State v. Lewis*, 12-0902, p. 8 (La. App. 5 Cir. 6/27/13), 121 So.3d 128, 135.
[3] The body camera video is not part of the record before the Court.

Compass was recklessly operating his vehicle," an allegation that is clearly contrary to Officer Bravo's testimony.

Mr. Compass's argument appears to rest on his contention that the body camera video did not confirm that Officer McFarland "state[d] that [Mr. Compass] was bobbing and weaving out of traffic; he placed anybody['s] life in danger, or he was riding recklessly." Given that Officer Bravo testified that the body camera video *only* reflected the events at the gas station, and he was directed to arrest Mr. Compass for recklessly operating his motorbike *before* he arrived at the gas station, the video camera footage is of no consequence.

The real issue before this Court concerns whether Officer Bravo properly arrested Mr. Compass based on what had been relayed to him from Officer McFarland. Our jurisprudence on this issue is clear. The Louisiana Supreme Court has indicated that "[t]he determination of whether probable cause exists for an arrest or reasonable suspicion for an investigatory stop is a purely objective inquiry that takes into account 'all of the information known collectively to the law enforcement personnel involved in the investigation.'" *State v. Elliott*, 09-1727, p. 5 (La. 3/16/10), 35 So.3d 247, 251 (citations omitted). The *Elliott* Court further indicated that "[p]robable cause can rest upon the collective knowledge of the police, rather than solely on that of the officer who actually makes the arrest." *Id.*, citing *United States v. Butler*, 74 F.3d 916, 921 (9th Cir.1996). Certainly, if a police officer may make an arrest based on information from a reliable confidential

4

informant,[4] an arrest based on information relayed by a fellow officer is equally permissible.

Thus, although Officer Bravo did not personally observe Mr. Compass's reckless operation of his motorbike, he could rely on that information which was relayed to him by Officer McFarland in making his arrest.[5]

It is evident, from the trial court's comment in granting the motion to suppress that it was "based on the body cam and the testimony about the body cam," that the ruling was made because the body cam did not include Officer McFarland's reporting Mr. Compass's reckless operation of his motorbike to Officer Bravo. Again, this information was relayed to Officer Bravo before the video footage began. Likewise, while the trial court noted that Officer Bravo's testimony "was not credible," the basis of such finding is not supported by the record. Officer Bravo's testimony that he arrested Mr. Compass based on Officer McFarland's observation of him operating his motorbike recklessly was clear and uncontradicted.

For these reasons, we find that the trial court abused its discretion in granting the motion to suppress and in finding no probable cause. We, therefore, reverse the trial court's ruling and remand this matter for further proceedings.

**WRIT GRANTED. REVERSED AND REMANDED.**

---

[4] *See State v. Marley*, 06-0317, p. 6 (La. App. 4 Cir. 11/8/06), 945 So. 2d 808, 812 ("[a] confidential informant may provide adequate information to establish probable cause for a warrantless arrest."

[5] Reckless operation of a vehicle is defined as "the operation of any motor vehicle, aircraft, vessel, or other means of conveyance in a criminally negligent or reckless manner." La. R.S. 14:99 A.

5